UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIDELITAD, INC., <br><br> Plaintiff, <br><br> v. <br><br> INSITU, INC., <br><br> Defendant. | NO:  13-CV-3128-TOR <br><br> PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order (ECF No. 32).  The motion is **GRANTED**.

WHEREAS, Plaintiff Fidelitad, Inc. ("Plaintiff" or "Fidelitad") and Defendant Insitu, Inc. ("Defendant" or "Insitu") (collectively "the Parties") contemplate that discovery in the above-captioned action (the "Action") will involve the exchange of information, and the production of documents and other materials by the Parties, which may contain information in the nature of personal information, alleged trade secrets, export-controlled information or documents, or

PROTECTIVE ORDER ~ 1

information otherwise alleged to be of a confidential, regulated, or proprietary nature, as described more fully below; and

WHEREAS, in order to establish procedures that would, among other things, protect the Parties from public disclosure of such personal information, alleged trade secrets, export-controlled information or documents, or information otherwise alleged to be of a confidential, regulated, or proprietary nature that might result in damage to the Parties or to a third-party, the Parties agree to limit the disclosure and dissemination of personal information, alleged trade secrets, export-controlled information or documents, or information otherwise alleged to be of a confidential, regulated, or proprietary nature that are in the possession, custody, or control of one of the Parties or a third-party, while at the same time allowing the Parties to obtain discovery thereof under the terms and conditions set forth below; and

WHEREAS, a protective order will also expedite the flow of discovery materials, protect the integrity of allegedly confidential or regulated information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection; and

WHEREAS, the Parties hereto have stipulated to the terms and conditions of this Agreed Protective Order (the "Protective Order") through their undersigned counsel;

PROTECTIVE ORDER ~ 2

**IT IS HEREBY ORDERED:**

1.    <u>Scope and Application of Protective Order.</u>  This Protective Order shall govern any document, information or other material that is designated as containing "Confidential Information," "Export Controlled Information," or "Attorney's Eyes Only Information" as defined herein, and is produced in connection with this litigation by any person or entity (the "producing Party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving Party") regardless of whether the person or entity producing or receiving the "Confidential Information," "Export Controlled Information," or "Attorney's Eyes Only Information" is a Party to this litigation. The Protective Order does not address disclosure or discovery of classified information.  The Parties agree to address appropriate procedures for the treatment of Classified Information as necessary.

2.    <u>Definitions.</u>

2.1.    <u>Confidential Information.</u>  "Confidential Information" shall mean and include, without limitation, any information that contains allegedly private, confidential and proprietary information, including but not limited to personally identifiable information; confidential medical or employment information; alleged trade secrets; allegedly non-public commercial, financial, pricing, budgeting and/or accounting information; allegedly non-public

PROTECTIVE ORDER ~ 3

information about existing and potential customers; marketing studies,

performance and projections; allegedly non-public business strategies, decisions

and/or negotiations; personnel compensation, evaluations and other employment

information; and allegedly confidential proprietary information about affiliates,

parents, subsidiaries and third-parties with whom the Parties to this action have or

have had business relationships.  A protective order is warranted, and there is good

cause for such treatment for these categories of information, to the extent that such

information allegedly derives value from not being publicly known, and public

disclosure of such information would allegedly lead to serious and unwarranted

injury.

      2.2   <u>Export Controlled Information</u>.  "Export Controlled

Information" shall mean information that is subject to the requirements of the

Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.*, and/or the

International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.*

Such information may be contained in documents that Defendants furnish in this

case related to dual use commodities, technology, or software, or defense articles.

A protective order is warranted, and there is good cause for special treatment of

these categories of information because federal law subjects such information to

specific rules related to designation, use, access, and disclosure, and imposes civil

and criminal penalties for violations.

2.3.   <u>Attorney's Eyes Only Information</u>.  "Attorney's Eyes Only Information" shall mean Confidential Information (as that term is defined in subparagraph 2.1 above) requiring heightened protection due to the following:  that such information constitutes highly proprietary financial, technical, or commercially sensitive information that the producing Party maintains as highly confidential in its business, that the producing Party believes, in good faith, would cause significant harm to the competitive position of the producing Party if disclosed to and known by the receiving Party, and which if disclosed to the receiving Party is likely to provide that party with an unfair competitive advantage with respect to the producing Party's goods and/or services.

2.4.   <u>Documents</u>.  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronically stored information, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

3.    <u>Initial Designation</u>.

3.1.   <u>Good Faith Claims</u>.  Claims of confidentiality, export controlled status, or attorney's eyes only status will be made only with respect to documents, other tangible things, electronically stored information, or other information that the asserting Party believes in good faith are within the definitions

PROTECTIVE ORDER ~ 5

set forth in subparagraphs 2.1-2.3 of this Protective Order.  Objections to such

claims made pursuant to paragraph 5 shall also be made only in good faith.

                3.2.   <u>Produced Documents</u>.  A Party producing documents that it

believes constitute or contain Confidential Information and/or Export Controlled

Information shall produce copies bearing a label that contains or includes language

substantially identical to the following:

> CONFIDENTIAL: Subject to Protective Order in Case No. 13-CV-3128-TOR in the Eastern District of Washington

or

> EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 13-CV-3128-TOR in the Eastern District of Washington

or

> CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 13-CV-3128-TOR in the Eastern District of Washington

or

> CONFIDENTIAL AND ATTORNEY'S EYES ONLY: Subject to Protective Order in Case No. 13-CV-3128-TOR in the Eastern District of Washington

      The label shall be affixed in a manner that does not obliterate or obscure the

contents of the copies.  If any person or Party makes copies of documents

designated as containing Confidential, Export Controlled Information, or

Attorney's Eyes Only Information, the copying person or Party shall mark each

PROTECTIVE ORDER ~ 6

such copy as containing Confidential, Export Controlled Information, or Attorney's Eyes Only Information in the same form as the notice on the original document.

A Party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential, Export Controlled Information, or Attorney's Eyes Only Information by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving Party (or other persons or entities to whom disclosure is authorized pursuant to subparagraphs 7.1 and 8.1) copies any data storage device designated by the producing Party as containing Confidential, Export Controlled Information, or Attorney's Eyes Only Information, the receiving Party or other authorized person shall mark each such copy as containing Confidential, Export Controlled Information, or Attorney's Eyes Only Information in the same form as the notice on the original data storage device produced. If the receiving Party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving Party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

The Parties are responsible for ensuring that Export Controlled Information in their possession, custody or control is not made public.  To prevent public disclosure of Export Controlled Information, the Parties agree to follow the procedure outlined in this paragraph before any document is (1) "exported," as that term is described in 15 C.F.R. § 730.5(c) or 22 C.F.R. § 120.17, or (2) otherwise made public.  All Export Controlled Information will be furnished by U.S. Persons as defined by U.S. export control laws and regulations (hereafter "U.S. Persons") directly to counsel.  Counsel hereby certifies that they and their personnel who receive Export Controlled Information are and will be U.S. Persons, that they will store all Export Controlled Information in a manner such that access is restricted only to U.S. Persons, and that no Export Controlled Information will be physically transported or transmitted outside U.S. territory.  Before furnishing any document (including any Export Controlled Information, any written discovery, and any deposition transcript) to a non-U.S. Person, including by publicly filing the document with the Court, counsel shall determine whether the document contains Export Controlled Information.  Counsel may seek assistance from counsel for Defendant regarding Export Control designations, in which case counsel for Defendant shall provide the requested determination within ten (10) business days, or as soon as reasonably possible under the circumstances.  If a particular document contains Export Controlled Information, counsel for the Parties shall

take all steps necessary to ensure that the document or information is used and accessed in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*, and disclosed only to U.S. Persons or as otherwise permitted under U.S. law.

        3.3.   Interrogatory Answers.  If a Party answering an interrogatory believes that its answer contains Confidential, Export Controlled Information, or Attorney's Eyes Only Information, it shall set forth that answer in a document that is designated as Confidential, Export Controlled Information, or Attorney's Eyes Only Information in the same manner as a produced document under subparagraph 3.2.  The answers to interrogatories should make reference to the separately-produced document containing the answer, but such document should not be attached to the interrogatories.

        3.4.   Inspections of Documents.  In the event a Party elects to produce files and records for inspection and the requesting Party elects to inspect them, no designation of Confidential, Export Controlled Information, or Attorney's Eyes Only Information needs to be made in advance of the inspection, with the understanding that the inspecting Party must be authorized to view such documents under the EAR and/or ITAR.  For purposes of such inspection, all material produced shall be considered as Confidential or Export Controlled Information.  If particular documents or things to be inspected contain Attorney's Eyes Only

1    Information, the producing Party shall designate them as such before the

2    inspection.  If the inspecting Party selects specified documents to be copied, the

3    producing Party shall designate Confidential, Export Controlled Information, or

4    Attorney's Eyes Only Information in accordance with subparagraph 3.2 at the time

5    the copies are produced.

6            3.5.   Deposition Transcripts.  No person except those permitted

7    access to Confidential and/or Export Controlled Information by this Order can

8    attend depositions to the extent that Confidential and/or Export Controlled

9    Information is disclosed.  Within thirty days after the receipt of a deposition

10   transcript, a Party may inform the other Parties to the action if the transcript or

11   portions of it are designated as Confidential or Export Controlled Information.

12   Within ten days after the receipt of a deposition transcript, a Party may inform the

13   other Parties to the action if the transcripts or portions of it are designated as

14   Attorney's Eyes Only.  Until ten days have elapsed, deposition transcripts in their

15   entirety are to be considered as Attorney's Eyes Only Information, and until 30

16   days have elapsed, deposition transcripts in their entirety are to be considered as

17   Confidential or Export Controlled Information.  All persons and Parties in

18   possession of a copy of a designated deposition transcript shall appropriately mark

19   it as containing Confidential, Export Controlled Information, or Attorney's Eyes

20   Only Information.

PROTECTIVE ORDER ~ 10

3.6.    Multipage Documents.  A Party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential, Export Controlled Information, or Attorney's Eyes Only Information by placing the label specified in subparagraph 3.2 on the first page of the document.  If a Party wishes to designate only certain portions of an integrated, multipage document as Confidential, Export Controlled Information, or Attorney's Eyes Only Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential, Export Controlled Information, or Attorney's Eyes Only Information.

4.    Designations by Another Party.

4.1.    Notification of Designation.  If a Party other than the producing Party believes that a producing Party has produced a document that contains or constitutes Confidential, Export Controlled Information, or Attorney's Eyes Only Information of the non-producing Party, the non-producing Party may designate the document as Confidential, Export Controlled Information, or Attorney's Eyes Only Information by so notifying all Parties in writing within 50 days of service of the document (if Confidential or Export Controlled Information) or 20 days of service of the document (if Attorney's Eyes Only Information).

4.2.    <u>Return of Documents</u>.  Whenever a Party other than the producing Party designates a document produced by a producing Party as Confidential, Export Controlled Information, or Attorney's Eyes Only Information in accordance with subparagraph 4.1, each Party receiving the document shall either add the Confidential, Export Controlled Information, or Attorney's Eyes Only Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing Party.  Each Party shall destroy all undesignated copies of the document or return those copies to the producing Party, at the direction of the producing Party.

4.3.    <u>Nondisclosure</u>.  No Party shall disclose a produced document to any person, other than the persons authorized to receive Confidential, Export Controlled Information, or Attorney's Eyes Only Information under subparagraphs 7.1 and 8.1, until after the expiration of the 50 or 20 day designation period specified in subparagraph 4.1.  If during the 50 or 20-day designation period a Party discloses an undesignated document to a person authorized to receive Confidential, Export Controlled Information, or Attorney's Eyes Only Information under subparagraphs 7.1 and 8.1, and that document is subsequently designated as Confidential, Export Controlled Information, or Attorney's Eyes Only Information in accordance with subparagraph 4.1, the disclosing Party shall cause all copies of

PROTECTIVE ORDER ~ 12

the document to be destroyed or returned to the producing Party, at the direction of the producing Party. The Party may thereafter disclose a copy of the document that has been marked as Confidential, Export Controlled Information, or Attorney's Eyes Only Information by the designating Party, in accordance with subparagraphs 3.2, 7.1, and 8.1.

    5.   <u>Objections to Designations</u>.

    5.1.   <u>Notice of Objection</u>. Any Party objecting to a designation of Confidential, Export Controlled Information, or Attorney's Eyes Only Information, including objections to portions of designations of multipage documents, shall notify the designating Party and all other Parties of the objection in writing no later than 60 days before the then-pending trial date (or, if a document is first produced less than 60 days before the then-pending trial date, within half of the time remaining before trial). This notice must specifically identify each document that the objecting Party in good faith believes should not be designated as Confidential, Export Controlled Information, or Attorney's Eyes Only Information and provide a brief statement of the grounds for such belief. Failure to object shall not constitute an admission that a document designated as Confidential Information contains trade secret or otherwise proprietary information.

    5.2.   <u>Conference Regarding Objection</u>. The Parties with an interest in the resolution of the objection shall confer within 10 days after the date of such

PROTECTIVE ORDER ~ 13

objection in an attempt to resolve their differences, unless the Parties agree to a longer time.  If the Parties are unable to resolve their differences with respect to a Confidential or Export Control Information designation, the objecting Party shall have 21 days after the conference concludes to file with the Court a motion to remove the Confidential or Export Controlled Information designation.  If the parties are unable to resolve their differences with respect to an Attorney's Eyes Only designation, the designating Party shall have 14 days after the conference concludes to file with the Court a motion to protect the information from disclosure.  If an objection is served within 42 days of trial, the objecting Party must file its motion to remove the Confidential or Export Controlled Information, or the designating Party must file its motion to protect the Attorney's Eyes Only designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened accordingly.  If an objecting Party elects not to make such a motion with respect to information designated Confidential or Export Controlled Information to which an objection has been made, the objection shall be deemed withdrawn.  If a designating Party elects not to make a motion to protect Attorney's Eyes Only Information to which an objection has been made, the designation shall be deemed withdrawn.

    5.3. <u>Treatment after Objection Is Raised.</u>  All documents, information and other materials initially designated as Confidential, Export

Controlled Information, and/or Attorney's Eyes Only Information shall be treated as Confidential, Export Controlled Information, and/or Attorney's Eyes Only Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential, Export Controlled Information, or Attorney's Eyes Only Information designation should not be maintained as to a particular document, the producing Party shall, upon written request by a Party, provide that Party a copy of that document without the Confidential, Export Controlled Information, or Attorney's Eyes Only Information designation described in subparagraph 3.2.

6.    Custody.  All Confidential, Export Controlled Information, or Attorney's Eyes Only Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraphs 7.1 and 8.1.

7.    Handling of Confidential Information Prior to Trial.

7.1.    Authorized Disclosures of Confidential Information. Confidential Information shall be disclosed by the receiving Party only to the following persons:

a.    Counsel of record for the Parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

b.    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c.    Witnesses disclosed by the Parties in this Action;

d.    Experts and their staff who are consulted by counsel for a Party in this litigation;

e.    Parties to this litigation, limited to the named Party and, if that Party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

f.    Designated in-house counsel and a limited number of assistants, administrative or otherwise;

g.    Outside vendors employed by counsel for copying, scanning and general handling of documents; and

h.    The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

With respect to Export Controlled Information, the persons in categories 7.1 and 7.2 must be U.S. Persons or otherwise permitted access to such information under U.S. law.  Under Paragraphs 7.1(e) and (f), Defendant may disclose Confidential and Export Controlled Information to employees and in-house counsel of The Boeing Company to the extent necessary to investigate, prosecute, or defend the litigation.  Under Paragraphs 7.1(e) and (f), Plaintiff may disclose Confidential and Export Controlled Information to the principals, employees, and attorneys of Fidelitad to the extent necessary to investigate, prosecute, or defend the litigation.

PROTECTIVE ORDER ~ 16

7.2 <u>Authorized Disclosure of Attorney's Eyes Only Information</u>. Attorney's Eyes Only Information shall be disclosed by the receiving party only to the following persons:

a. The Court and its personnel;

b. Outside counsel for the Parties in this litigation (limited to the Parties' counsel of record), including their associates, clerks, paralegals, and secretarial personnel whose functions require access to Attorney's Eyes Only Information;

c. Outside consultants with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this litigation to prepare for trial.  An outside consultant's access to Attorney's Eyes Only Information shall be subject to the terms and limitations provided in sections 7.3-7.5, including execution of the written acknowledgement described in section 7.3.

d. Principals or employees of the receiving Party only to the extent strictly necessary to investigate, prosecute, or defend this litigation and only under the following conditions:  the Party wishing to disclose Attorney's Eyes Only Information to its principals and/or employees shall give written notice to the designating Party, identify the particular principal(s) or employee(s) to whom disclosure is sought, identify with particularity the documents to be disclosed, and identify the reason why such disclosure is necessary to investigate, prosecute, or defend this case.  After the Parties confer as described in section 5.2, the information shall not be disclosed for 14 days, and if a motion is filed to protect the information, disclosure is not authorized unless and until the Court so orders.

Disclosures under sections 7.1 or 7.2 are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

PROTECTIVE ORDER ~ 17

7.3.   <u>Acknowledgement of Protective Order</u>.  Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or (d) or 7.2(c) until the receiving Party has obtained a written acknowledgment from the person receiving Confidential Information, in the form attached hereto, that he or she has received a copy of this Order and has agreed to be bound by it.  A Party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or (d) or 7.2(c) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving Party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request or order.  Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.4.   <u>Disclosure to Competitors</u>.  Before disclosing Confidential Information or Attorney's Eyes Only Information to any authorized person who is a competitor (or an employee of a competitor) of the designating Party, the Party wishing to make such disclosure shall give at least 14 days notice in writing to the designating Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed.  If, within the 14 day period, a motion is filed objecting to the proposed

disclosure, disclosure is not authorized unless and until the Court orders otherwise. For purposes of this Protective Order, "competitor" is defined as any person or entity that designs, manufactures, assembles or supplies products to or for the market(s) served by the designating Party ("competitive products") or components of competitive products.

7.5. <u>Unauthorized Disclosures</u>.  All persons receiving Confidential Information or Attorney's Eyes Only Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information or Attorney's Eyes Only Information.  If Confidential Information or Attorney's Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party or person responsible for the disclosure, and any other Party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating Party.  Without prejudice to other rights and remedies of the designating Party, the responsible Party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.6. <u>Court Filings</u>.  All correspondence, pleadings, motions, exhibits, transcripts or other papers filed with the Court containing or disclosing

Confidential Information or Attorney's Eyes Only Information shall be filed under seal and shall be available for inspection only by the Court, the Court's staff, counsel of record to the Parties and necessary employees of such counsel until further order of Court, except as otherwise agreed by the Parties and any consenting third-party that designated the documents, materials or information as Confidential Information or Attorney's Eyes Only Information.

8.    <u>Handling of Export Controlled Information Prior to Trial</u>

8.1.    The Parties are responsible for ensuring that Export Controlled Information in their possession, custody or control is used in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*  To prevent unauthorized use of Export Controlled Information, the parties agree to follow the procedure outlined in this paragraph.

i.    Export Controlled Information disclosed in this action will be used only for the purposes of this action.

ii.    Counsel or other individuals authorized to received Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States

Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.

            iii.    Before disclosing any Export Controlled Information to any person, counsel shall require such third person to execute a non-disclosure agreement in the form attached hereto.

            iv.    The Parties will file under seal all documents that contain Export Controlled Information.

        8.2.   <u>Access to Export Controlled Information</u>.  The Parties and the Court are responsible for ensuring that access to Export Controlled Information in their possession, custody or control is restricted to authorized persons in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*  To prevent unauthorized access of Export Controlled Information, the Parties agree to follow the procedure outlined in this paragraph.

            i.    All documents containing Export Controlled Information shall be placed in a secure file or room with access limited to those persons identified in paragraphs 6 and 7 of this Protective Order who are U.S. Persons.

            ii.    If documents containing Export Controlled Information are scanned and stored in a computer, access to such electronic files shall be limited to those persons identified in subparagraph 7.1 of this Protective Order who are U.S. Persons.

PROTECTIVE ORDER ~ 21

iii.    In the event that counsel or another individual authorized to received Export Controlled Information anticipates that Export Controlled Information will be disclosed to the Court, including at any hearing or at trial, the Parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation.

9.    <u>Care in Storage</u>.  Any person in possession of Confidential, Export Controlled Information, or Attorney's Eyes Only Information produced by another Party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential, Export Controlled Information, or Attorney's Eyes Only Information to ensure that the confidential and sensitive nature of same is maintained.

10.    <u>Handling during Trial</u>.  Confidential, Export Controlled Information, or Attorney's Eyes Only Information that is subject to this Order may be marked and used as trial exhibits by either Party, subject to terms and conditions as imposed by the Court upon application by any Party.

11.    <u>No Implied Waivers</u>.  The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Parties producing Confidential, Export Controlled Information, or Attorney's Eyes Only Information in this

litigation are doing so only pursuant to the terms of this Order.  Neither the

agreement to, or the taking of any action in accordance with the provisions of this

Protective Order, nor the failure to object thereto, shall be interpreted as a waiver

of any claim or position or defense in this action, or any other actions.

        12.   <u>No Admission</u>.  Neither this Order nor the designation of any item as

Confidential, Export Controlled Information, or Attorney's Eyes Only Information

shall be construed as an admission that such material, or any testimony concerning

such material, would be admissible in evidence in this litigation or in any other

proceeding.

        13.   <u>Inadvertent Failure to Designate as Confidential or Export Controlled</u>.

The inadvertent and/or unintentional failure to designate any information as

Confidential or Export Controlled in accordance with this Protective Order shall

not be deemed a waiver, in whole or in part, of a Party's claim of confidentiality or

export control status.  In the event of the disclosure of such information, the

information shall be designated as Confidential, Export Controlled Information, or

Attorney's Eyes Only Information by the Party as soon as reasonably possible after

the Party becomes aware of the disclosure and such information shall thereafter be

treated as Confidential, Export Controlled Information, or Attorney's Eyes Only

Information subject to this Protective Order.  No liability shall attach to any Party's

disclosure of such information from the time of receipt of the information until

1  such time as the Party properly designates it as Confidential, Export Controlled

2  Information, or Attorney's Eyes Only Information.

3       14.    Inadvertent Disclosure of Privileged Documents or Information.

4           14.1.  Inadvertently Produced Document.  For purposes of paragraph

5  14 of this Protective Order, an "Inadvertently Produced Document" is a document

6  produced to a Party in this litigation that could have been withheld, in whole or in

7  part, based on a legitimate claim of attorney-client privilege, work-product

8  protection, or other applicable privilege.

9           14.2.  No Waiver of Privileges or Rights.  Inclusion of any

10  Inadvertently Produced Document in a production shall not result in the waiver of

11  any privilege or protection associated with such document, nor result in a subject

12  matter waiver of any kind.

13           14.3.  Notice of Inadvertently Produced Document.  A producing

14  Party may demand the return of any Inadvertently Produced Document, which

15  demand shall be made to the receiving Party's counsel in writing and shall contain

16  information sufficient to identify the Inadvertently Produced Document.  In

17  addition, a Party which determines that it may have received an Inadvertently

18  Produced Document shall immediately notify the producing Party of the

19  inadvertent disclosure.  The producing Party may then provide notice of the

20  inadvertent disclosure to the receiving Party.

PROTECTIVE ORDER ~ 24

14.4.  <u>Response to Inadvertently Produced Document</u>.  Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving Party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing Party and shall immediately delete all electronic versions of the document and all notes or other work product reflecting the contents of such material.  The Parties agree that no copies shall be made of the Inadvertently Produced Documents.

14.5.  <u>Objection to Designation</u>.  The receiving Party may object to the producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within 5 business days of its receipt of a written demand for the return of an Inadvertently Produced Document.  The Parties shall confer within 10 days after the date of such objection in an attempt to resolve their differences, unless the Parties agree to a longer time.  If the Parties are unable to resolve their differences, the objecting Party shall have 21 days after the conference concludes to file with the Court a motion.  Any such motion shall be resolved by the Court after an in camera review of the Inadvertently Produced Document.  Pending resolution of the matter by the Court, the Parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

15. <u>Parties' Own Documents</u>.  This Protective Order shall in no way restrict the Parties in their use of their own documents and information, and nothing in this Order shall preclude any Party from voluntarily disclosing its own documents or information.

16. <u>Motion to Compel Production of Confidential, Export Controlled Information, or Attorney's Eyes Only Information</u>.  If any third-party moves to compel a Party to this action to produce any Confidential, Export Controlled Information, or Attorney's Eyes Only Information, such Party shall immediately notify the Parties who originally produced and/or designated such Confidential, Export Controlled Information, or Attorney's Eyes Only Information that a motion has been made in order to allow the Parties who originally produced and/or designated such Confidential, Export Controlled Information, or Attorney's Eyes Only Information the opportunity to oppose the motion.  In addition, if a Party is ordered to produce Confidential, Export Controlled Information, or Attorney's Eyes Only Information covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given the Parties who originally produced and/or designated such Confidential, Export Controlled Information, or Attorney's Eyes Only Information.  Nothing in this Agreed Confidentiality and Protective Order shall be construed as requiring the Party who is ordered to produce such Confidential, Export Controlled Information, or

Attorney's Eyes Only Information to challenge or appeal any order requiring the

production of such Confidential, Export Controlled Information, or Attorney's

Eyes Only Information or to subject himself/herself to any penalty for non-

compliance with any legal process or seek any relief from the Court.

17.    <u>No Effect on Other Rights</u>.  This Order shall in no way abrogate or

diminish any pre-existing contractual, statutory, or other legal obligations or rights

of any Party with respect to Confidential, Export Controlled Information, or

Attorney's Eyes Only Information.

18.    <u>Modification</u>.  In the event any Party hereto seeks a Court order to

modify the terms of this Order, said Party shall make such request by written

stipulation or noticed motion to all Parties that must be served and filed in

accordance with local court rules.

19.    <u>Handling upon Conclusion of Litigation</u>.  All Parties, counsel, and

persons to whom disclosure was made are ordered to return all Confidential,

Export Controlled Information, or Attorney's Eyes Only Information to the

designating Party within 90 days of the conclusion of litigation.  In addition,

counsel shall certify in writing that all such Confidential, Export Controlled

Information, or Attorney's Eyes Only Information has been returned.  Counsel for

each Party also shall contact each person to whom that Party has provided a copy

of any Confidential, Export Controlled Information, or Attorney's Eyes Only

1   Information and request the documents be returned.  In lieu of returning

2   Confidential, Export Controlled Information, or Attorney's Eyes Only Information,

3   the person or Party in possession of such Confidential, Export Controlled

4   Information, or Attorney's Eyes Only Information may elect to destroy it.  If the

5   person or Party in possession of Confidential, Export Controlled Information, or

6   Attorney's Eyes Only Information elects to destroy it rather than return it, that

7   person or Party must notify the designating Party in writing of the destruction of

8   the Confidential, Export Controlled Information, or Attorney's Eyes Only

9   Information within 90 days of the conclusion of litigation.

10  **IT IS SO ORDERED.**

11          The District Court Executive is hereby directed to enter this Order and

12  provide copies to counsel.

13          **DATED** June 6, 2014.

14

15                              THOMAS O. RICE
                            United States District Judge

16

17

18

19

20

PROTECTIVE ORDER ~ 28