UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIDELITAD, INC., | NO:  13-CV-3128-TOR |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| INSITU, INC., | |
| Defendant. | |

BEFORE THE COURT are Plaintiff Fidelitad's Motions for Reconsideration (ECF No. 108), Certificate of Appealability re Interlocutory Appeal and to Stay Proceedings (ECF No. 120), for Reconsideration of Exclusion of Expert Testimony And, Alternatively, Motion for Certification to Washington Supreme Court (ECF No. 128), to Re-Open Discovery and for a Continuance (ECF No. 130), and Unopposed Motion for Expedited Hearing on Motion to Continue (ECF No. 129). These matters were submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER ON PENDING MOTIONS ~ 1

**BACKGROUND**

This case concerns allegations of unjust enrichment arising out of expected

sales of unmanned aerial vehicles ("UAV") in Colombia, South America.

On April 21, 2016, this Court issued its Order Granting in part and Denying

in part Defendant's Motion for Summary Judgment (ECF No. 100).  This Court

found Fidelitad had not adequately demonstrated frustration of contract, sufficient

to defeat Insitu's motion for summary judgment for breach of contract.  *Id*. at 32-

34.  This Court granted Insitu's motion for summary judgment on Fidelitad's

tortious interference claim because it failed to come forward with sufficient

evidence to create a triable issue with respect to bad faith or improper motive.  *Id*.

at 29-32.  Underlying this ruling, this Court found Ms. Jensen's subsequent

declaration concerning her speculative belief about Insitu's ulterior motives to be a

sham, contradicting her deposition testimony and insufficient to create a genuine

issue of fact sufficient to defeat summary judgment.  *Id*.

On July 8, 2016, this Court issued its Order Granting Defendant's Motion to

Exclude Plaintiff's Damages Expert (ECF No. 119).  In its order, this Court found

Ms. Lorraine Barrick's proffered expert opinions rely upon the wrong measures to

determine damages as to Fidelitad's unjust enrichment claim.  *Id.* at 12-14.  Ms.

Barrick's reports calculate damages under disgorgement of profits and hypothetical

commission measures, and this Court found the proper measure to be value-of-

services provided.  Fidelitad argued that Ms. Barrick's hypothetical commission analysis serves as a measure of the value-of-services provided, but this Court found Ms. Barrick's commission analysis actually calculate "entire expected contract profits" inclusive of "work that Fidelitad never even performed" and to "not provide insight as to the value of the services it actually provided." *Id.* at 13. Based on these determinations, this Court categorically excluded the expert's testimony, because it would not assist a trier of fact in determining damages under the proper measure. *Id.* at 14.

Fidelitad now moves for certification of the Court's order excluding its damages expert for interlocutory appeal and a stay of these proceedings pending appeal. ECF No. 120.  If the Court grants this motion, Fidelitad seeks final resolution from the Ninth Circuit regarding whether Ms. Barrick's commission-based methodology may serve as a measure for the value of services provided under a contract implied in law.  *Id.*  Insitu opposes both certification for interlocutory appeal and a stay of these proceedings.  ECF No. 127.

Fidelitad also moves for reconsideration of the Court's order excluding its damages expert, or, alternatively, for certification to the Washington Supreme Court.  ECF No. 128.

Lastly, Fidelitad moves to re-open discovery and for a continuance, and moves to expedite the hearing on this matter.  ECF Nos. 129, 130.

ORDER ON PENDING MOTIONS ~ 3

**DISCUSSION**

**A. Motion for Interlocutory Appeal**

Fidelitad seeks final resolution from the Ninth Circuit on whether, under Washington law, a commission-based approach can serve as a mechanism to value the services provided for an unjust enrichment claim relying on a contract implied in law theory.  ECF No. 120.

Pursuant to 28 U.S.C. § 1292(b), an otherwise non-final order may be subject to interlocutory appeal if the district court certifies, in writing, the following: (1) the order involves a "controlling issue of law," (2) the controlling issue of law is one to which there is a "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  If permission for interlocutory appeal is required, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement."  Fed. R. App. Proc. 5(a)(3).  As the Ninth Circuit has noted "the legislative history of 1292(b) indicates that this section was to be used only in *exceptional* situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added).

Here, this Court declines to certify its Order for interlocutory appeal.  Even assuming the first factor is satisfied, this Court finds Fidelitad has not presented substantial ground for difference of opinion, and demonstrates instead strong disagreement with the Court's prior order.  However, "[a] party's strong disagreement with the Court's ruling is not sufficient for" a "substantial ground for difference." *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010) (internal citations and quotations omitted).

Moreover, in support, Fidelitad presents just two cases, neither involving Washington law, where, according to Fidelitad, the courts held that a commission may serve as the proper measure of the value of services provided on a contract implied in law.  *See* ECF No. 120 at 7.  Such cases merely demonstrate that, based on the facts of each case, two courts applied the relevant controlling law in a different manner than this Court applied Washington law in its prior order.  However, the presence of two non-binding cases, applying non-Washington law, is not a substantial ground for disagreement as to the controlling law.  *See Couch*, 611 F.3d at 633. ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.") (citations omitted).

Additionally, an immediate interlocutory appeal will not materially advance the termination of the litigation.  The parties have been litigating this matter for nearly three years, and have already completed extensive discovery and dispositive

1  motion practice.  Moreover, as Insitu notes in its response briefing, a trial on the

2  merits could potentially moot the interlocutory issue if Fidelitad fails to prove

3  liability.  Based on the foregoing, this Court concludes that allowing an

4  interlocutory appeal would not help avoid "protracted and expensive litigation."  *In*

5  *re Cement Antirust Litig.*, 673 F.2d at 1026.

6      Accordingly, this Court **DENIES** Fidelitad's motion for certification for

7  interlocutory appeal and to stay proceedings.

8  **B. Motions for Reconsideration**

9      Fidelitad moves for reconsideration of the Court's orders granting Insitu's

10  motion for summary judgment for breach of contract, granting Insitu's motion for

11  summary judgment on Fidelitad's tortious interference claim (ECF No. 108) and

12  excluding Ms. Barrick's proffered testimony under Federal Rule of Civil Procedure

13  59(e) (ECF No. 128).

14      A motion for reconsideration of a judgment may be reviewed under either

15  Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or

16  Rule 60(b) (relief from judgment).  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

17  1262 (9th Cir. 1993).  "Reconsideration is appropriate if the district court (1) is

18  presented with newly discovered evidence, (2) committed clear error or the initial

19  decision was manifestly unjust, or (3) if there is an intervening change in

20  controlling law."  *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*,

555 F.3d 772, 780 (9th Cir. 2009).  "There may also be other, highly unusual,

circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Whether to grant a motion for reconsideration is within the sound discretion

of the court.  *Navajo Nation v. Confederated Tribes and Bands of the Yakama

Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).  A district court does not

abuse its discretion when it disregards legal arguments made for the first time on a

motion to alter or amend a judgment.  *United Nat. Ins. Co.*, 555 F.3d at 780

(quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945

(9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or

present evidence for the first time when they could reasonably have been raised

earlier in the litigation.").  Evidence available to a party before it files its

opposition is not "newly discovered evidence" warranting reconsideration of

summary judgment.  See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d

604, 609 (9th Cir. 1985).

Reconsideration is properly denied when the movant "present[s] no

arguments . . . that had not already been raised" previously.  *Taylor v. Knapp*, 871

F.2d 803, 805 (9th Cir. 1989); *see also City of Fresno v. United States*, 709

F.Supp.2d 888, 916 (E.D. Cal. 2010) ("A party seeking reconsideration must show

more than a disagreement with the Court's decision, and recapitulation of the cases

and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

On the other hand, Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order.  An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke" its order.  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loathe to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).  While the district court possesses inherent power to reconsider and amend previous interlocutory orders, *Martin*, supra, like other motions to reconsider, this is an

extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources. Indeed, courts frequently apply the same standard as that applicable to Rule 59(e) motions. See *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

The Court finds reconsideration is not warranted. Fidelitad fails to show more than disagreement with the Court's decisions. Fidelitad's evidence in opposition to Insitu's motion was insufficient to create a genuine issue of fact in order to defeat summary judgment.

Concerning its argument regarding damages, Fidelitad primarily relies upon non-Washington case law in arguing this Court misapplied Washington law in its prior order. Although, Fidelitad believes this Court's ruling is legally erroneous, it has failed to show manifest error, present new facts or law that could not have been brought to this Court's attention earlier, or otherwise demonstrate any reason that justifies reconsideration. Accordingly, Fidelitad's motion for reconsideration is **DENIED**; this Court's previous order stands.

### C. Motion for Certification to Washington Supreme Court

Fidelitad moves the Court to "certify the issue regarding the extent that the Washington Supreme Court's decision in *Young v. Young*, 164 Wash.2d 477, 487 (2008), permits a commission-based valuation of services performed and/or, alternatively, disgorgement of profits." ECF No. 128 at 10-11.

RCW chapter 2.60 governs the procedure for a federal court to certify a question of state law to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020.[1]  Certification is particularly appropriate when the state law issue is especially complex and presents significant policy implications.  *Perez-Farias v. Glob. Horizons, Inc.*, 668 F.3d 589, 593 (9th Cir. 2011); *see also Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1093, 1097 (9th Cir. 2003) (holding that certification is appropriate where an unsettled issue of law, if clarified definitively, would have "far-reaching effects" on those subject to Washington law).  As noted by the Supreme Court, the certification procedure, when appropriately invoked, saves "time, energy, and resources and helps build a cooperative judicial

---

[1] Pursuant to the Washington Rules of Appellate Procedure, "[t]he Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedure Act if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution."  Wash. R. App. P. 16.16(a).

ORDER ON PENDING MOTIONS ~ 10

1   federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Such a procedure

2   "may be invoked by a federal court upon its own motion or upon the motion of any

3   interested party in the litigation involved." RCW 2.60.030(1). In general,

4   certification "rests in the sound discretion of the federal court." *Lehman Brothers*,

5   416 U.S. at 391.

6        Here, this Court declines to certify this issue to the Washington Supreme

7   Court. Importantly, mere difficulty in ascertaining and applying the law is not a

8   sufficient reason to certify a question to a state supreme court. *See id.* at 390-91

9   ("the mere difficulty in ascertaining local law is no excuse for remitting the parties

10  to a state tribunal for the start of another lawsuit"). Moreover, the Court is not

11  persuaded that Washington law has not been clearly determined, and while

12  Fidelitad might prefer certification because it is not in agreement with this Court's

13  application of the law, such a course is not justified. Accordingly, because

14  certification would not save "time, energy, and resources," nor would it present

15  "significant policy implications," or clarify an unsettled area of law, Fidelitad's

16  motion is **DENIED**.

17  //

18  //

19  //

20  //

ORDER ON PENDING MOTIONS ~ 11

**D. Motion to Re-Open Discovery and for Continuance**

Fidelitad seeks to re-open discovery, and continue the September 26, 2016 trial date in order to prepare and present a new expert report on damages.  ECF No. 130.  Specifically, Fidelitad requests to re-open discovery until September 30, 2016.  *Id.* at 5-6.

Pursuant to Federal Rule of Civil Procedure 16, pretrial deadlines "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In determining whether there is good cause to re-open discovery, courts consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.,* 63 F.3d 1512, 1526 (9th Cir.1995) *vacated on other grounds,* 520 U.S. 939 (1997) (citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987)).  The decision to re-open discovery rests in the sound discretion of the court.  *Id.*

ORDER ON PENDING MOTIONS ~ 12

Here, the first two factors weigh against Fidelitad as trial is imminent and Insitu opposes the request.[2]  However, given the short duration of the requested continuance and the limited scope of sought after discovery, the Court finds Insitu would face minimal prejudice.  Moreover, given this Court's recent order excluding Ms. Barrick's expert testimony, the Court finds the factors concerning diligence and foreseeability are not at issue.  Finally, it is highly likely that additional discovery will lead to relevant evidence.  Accordingly, this Court concludes that the balance of factors weigh in Fidelitad's favor, and **GRANTS** Fidelitad's motion to re-open discovery and for a continuance.

In light of this order, the Court will issue a separate amended jury trial scheduling order.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Fidelitad's Motion for Reconsideration (ECF No. 108) is **DENIED**.

2. Fidelitad's Motion for Certification for Interlocutory Appeal and to Stay Proceedings (ECF No. 120) is **DENIED**.

3. Fidelitad's Motion for Reconsideration, And, Alternatively, Motion for Certification to Washington Supreme Court (ECF No. 128) is **DENIED**.

---

[2] Insitu opposes the request in a letter to the Court.

ORDER ON PENDING MOTIONS ~ 13

4.  Fidelitad's Motion to Re-Open Discovery and for a Continuance (ECF No. 130) is **GRANTED**.

5.  Fidelitad's Unopposed Motion for Expedited Hearing on Motion to Continue (ECF No. 129) is **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 11, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER ON PENDING MOTIONS ~ 14